**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**STEFAN HERBERT FRANGER,**

        **Plaintiff,**

        **v.**

**SECRETARY MICHAEL CHERTOFF, et al.,**

        **Defendants.**

        **Case No. 2:08-cv-1094**
        **Judge Edmund A. Sargus, Jr.**
        **Magistrate Judge Mark R. Abel**

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendants' Motion to Dismiss for Lack of Jurisdiction. (Doc. 19.) For the reasons that follow, Defendants' Motion is **GRANTED**.

**I.**

Under § 203(b) of the Immigration and Nationality Act, 8 U.S.C. § 1101, *et seq.* ("INA"), a specified percentage of immigrant visas are set aside for aliens who seek to enter the United States "for the purpose of engaging in a new commercial enterprise." 8 U.S.C. § 1153(b)(5)(A). In order to qualify under this visa preference category, which is commonly referred to as the EB-5 category, an alien must have invested, or be actively in the process of investing, a specified amount of capital in the commercial enterprise. *Id.* § 1153(b)(5)(A)(i). In addition, the commercial enterprise must create full-time employment for at least 10 United States citizens or lawful aliens. *Id.* § 1153(b)(5)(A)(ii).

A prospective immigrant investor seeking admission to the United States under the EB-5 category is required to file a Form I-526, "Immigrant Petition by Alien Entrepreneur," with the

United States Citizenship and Immigration Services ("USCIS"), the successor entity to the Immigration and Naturalization Service ("INS"). 8 C.F.R. § 204.6(a). Upon approval of his or her petition, an EB-5 immigrant acquires lawful permanent residence on a conditional basis. 8 U.S.C. § 1186b(a)(1). In order to maintain permanent resident status, an EB-5 immigrant must petition to remove the conditions from his or her residence "during the 90-day period before the second anniversary of the alien's lawful admission for permanent residence." *Id.* § 1186b(c)(1), (d)(2)(A). This is done by filing a Form I-829, "Petition by Entrepreneur to Remove Conditions," and attending a personal interview before an immigration examiner. 8 C.F.R. § 216.6(a)(1), (b)(2). If an I-829 petition is properly filed, a "decision on the petition shall be made within 90 days of the date of filing or within 90 days of the interview, whichever is later." *Id.* § 216.6(c)(1).

Plaintiff Stefan Herbert Franger is a citizen of Germany. (Compl. ¶ 11.) He filed an I-526 petition on August 30, 1996 and the petition was approved on December 18, 1996, granting him lawful admittance to the United States as a permanent resident on a conditional basis. (Compl. ¶¶ 11-12.) In accordance with § 216A(c)(1)(A) of the INA, Plaintiff, on June 24, 1999, filed an I-829 petition to remove the conditions from his residence. (Compl. ¶ 13.) There is no indication in the record that Plaintiff was interviewed by the USCIS regarding his petition. In any event, as of November 2008, Plaintiff had yet to receive a determination on the petition.

As a result, Plaintiff filed the instant action against the following persons in their official capacities: Michael Chertoff, Secretary of the Department of Homeland Security; Jonathan Scharfen, Acting Director of the Bureau of Citizenship and Immigration Services; and Christina Poulos, Acting Field Office Director of the USCIS California Service Center.[1] In his Complaint,

---

[1] The Court notes that the current Secretary of Homeland Security is Janet Napolitano and Alejandro Mayorkas is the current Director of USCIS.

Plaintiff petitions the Court for a writ of mandamus ordering Defendants to make a determination as to his I-829 petition. Plaintiff also seeks declaratory relief, requesting that the Court "declar[e] that Defendants' legal position in refusing make [sic] a determination as to Plaintiff's [I-829 petition] is an error of law, arbitrary, and capricious." (Compl. ¶ 26.)

In response to the ensuing litigation, on September 11, 2009, the USCIS sent a letter to Plaintiff's counsel in reference to Plaintiff's I-829 petition. (*See* Eberling Decl. ¶ 10, Ex. 3.) The letter details the USCIS's assessment of Plaintiff's petition and concludes that it "should be denied" because he "has not met the investment requirement" or "the job creation requirement for eligibility for the EB-5 classification." (Eberling Decl. Ex. 3 at 2-4 (emphasis in original).) Nevertheless, the letter claimed that USCIS could not deny the petition "until, pursuant to the governing statute, the required regulations are promulgated." (Eberling Decl. Ex. 3 at 4.) This statement was in reference to the 21st Century Department of Justice Appropriations Authorization Act, Pub. L. No. 107-273, 116 Stat. 1758 (2002) ("Appropriations Act"), which altered the process for adjudicating petitions to remove conditions by EB-5 immigrants who: (1) were granted conditional permanent resident status between the January 1, 1995 and August 31, 1998, and (2) filed their I-829 petitions prior to November 2, 2002. *Id.* § 11031(b)(1). Plaintiff satisfies these requirements and, thus, is deemed an "eligible alien" under the Appropriations Act. *Id.* The Act requires the former INS to promulgate implementing regulations within 120 days of its enactment. *Id.* § 11033. Moreover, it provides that, "[u]ntil such regulations are promulgated, the Attorney General shall not deny a petition filed or pending under section 216A(c)(1)(A) of the Immigration and Nationality Act . . . that relates to an eligible alien." *Id.*

Defendants filed a Motion to Dismiss for Lack of Jurisdiction. In their Motion, Defendants maintain that dismissal of Plaintiff's action pursuant to Federal Rule of Civil

Procedure 12(b)(1) is proper because the Court lacks subject matter jurisdiction over the action. Defendants contend that the action is moot because there is no longer a justiciable case or controversy. Specifically, Defendants assert that Plaintiff received the relief sought in his mandamus petition when the USCIS communicated its assessment of his I-829 petition via the September 11, 2009 letter.

Plaintiff challenges Defendants' position. In Plaintiff's view, an actual case or controversy remains before the Court because he has yet to receive an approval or denial of his I-829 petition. Plaintiff draws a distinction between an assessment of the merits of his petition and a formal adjudication of such, contending that the latter represents the relief that he is seeking in the instant action.

## II.

Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) provide for the dismissal of an action for lack of subject matter jurisdiction. The plaintiff bears the burden of establishing that subject matter jurisdiction exists. *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003). "In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Id.*

## III.

The Court finds that it lacks subject matter jurisdiction over this action, but not on grounds of mootness. The USCIS's assessment of the merits of Plaintiff's I-829 petition did not afford Plaintiff the relief that he prayed for in his complaint. Plaintiff sought an actual adjudication of his petition. An assessment of the petition's merits, absent a formal approval or

4

denial, does not amount to an adjudication of the petition. A live controversy exists, and for this reason, this action is not moot.

Nevertheless, subject matter jurisdiction is not present. Plaintiff maintains that subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1361 (mandamus jurisdiction); 28 U.S.C. § 1331 (federal question jurisdiction); and 5 U.S.C. §§ 701-706 (judicial review under the Administrative Procedure Act). As explained below, none of these statutes serves as a source of subject matter jurisdiction over this action.

### A. Mandamus Jurisdiction

Under 28 U.S.C. § 1361, this Court has "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff." Plaintiff contends that subject matter jurisdiction pursuant to 28 U.S.C. § 1361 is proper because his complaint "requests the District Court to compel the USCIS to respond to [his I-829 petition]." (Compl. ¶ 7.)

As the Court of Appeals for the Sixth Circuit has observed: "The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff." *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987). The duty owed must be clearly defined and not dependent upon the exercise of discretion. *See Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

Here, it cannot be said that Defendants owe Plaintiff a legal duty to formally adjudicate his I-829 petition. While federal law requires USCIS to make a determination on an I-829 petition within 90 days of the date of the filing or the corresponding interview, 8 C.F.R. § 216.6(c)(1), the Appropriations Act directs the Attorney General to not deny any petitions filed

by "eligible aliens" until implementing regulations have been promulgated. 21st Century Department of Justice Appropriations Authorization Act, Pub. L. No. 107-273, § 11033, 116 Stat. 1758, 1846 (2002). Because regulations have yet to be promulgated, such petitions cannot be formally denied, even though they may fail to satisfy the investment or job creation requirements of the EB-5 classification. Plaintiff's I-829 petition falls within this class of petitions that cannot be formally denied. He is an "eligible alien" under the Appropriations Act. *See id.* § 11031(b)(1). Moreover, after an assessment of his petition, the USCIS has concluded that Plaintiff has failed to meet both the investment and job creation requirements. (*See* Eberling Decl. Ex. 3.) As a result, Defendants, at the current time, are under a legal duty to *refrain from denying* Plaintiff's petition.

Thus, a writ of mandamus to formally adjudicate Plaintiff's I-829 petition cannot properly issue because Defendants are precluded from acting on Plaintiff's petition, and thus do not possess a legal duty to act. For that reason, the Court concludes that subject matter jurisdiction over this matter does not exist under 28 U.S.C. § 1361.[2]

### B. Federal Question Jurisdiction and Judicial Review under the APA

Section 1331 of Title 28, United States Code, provides that this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In his Complaint, Plaintiff asserts that § 1331 provides a basis for subject matter jurisdiction because this action "arises under 28 U.S.C. § 1361." As previously discussed, the Court lacks mandamus jurisdiction over this action. Thus, the action cannot be said to "arise under" 28 U.S.C. § 1361. Further and as explained below, even to the extent that Plaintiff's

---

[2] As Plaintiff has not requested a writ of mandamus compelling Defendants to issue regulations pursuant to § 11033 of the Appropriations Act, the Court does not address whether mandamus would be an appropriate remedy for such a claim.

claims could be considered to arise under federal law, the Court is precluded from reviewing agency action that is not final.

Under the Administrative Procedure Act ("APA"), "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The APA's definition of "agency action" includes the "failure to act." *Id.* § 551(13). However, a prerequisite for judicial review of agency action under the APA is that the agency action in question must be final. *See* 5 U.S.C. § 704. As explained above, Defendants are precluded by law from denying Plaintiff's petition until regulations are issued pursuant to the Appropriations Act. While Defendants have provided an assessment of the merits of Plaintiff's petition, Defendants are presently precluded from taking final action on the petition. Accordingly, review by this Court under the APA is not appropriate. *See, e.g., Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)("If there is no 'final agency action,' as required by the controlling statute, a court lacks subject matter jurisdiction."); *Dickinson v. Zech*, 846 F.2d 369, 371 (6th Cir. 1988)("Because there has been no judicially reviewable final agency action, we lack jurisdiction to order the relief desired by petitioners.").[3]

### IV.

In accordance with the foregoing, Defendants' Motion to Dismiss is **GRANTED.** The Clerk is directed to enter judgment in favor of the Defendants and close this matter.

---

[3] The Court does not address the issue of whether 8 U.S.C. § 1252(a)(2)(B) would preclude judicial review of a final decision by USCIS denying Plaintiff's petition to remove the conditions of his status.

**IT IS SO ORDERED**.


9- 1-2010
‾‾‾‾‾‾‾‾‾‾‾
**DATE**

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**